MORGAN, Jr., Plaintiff-Appellee, v. ESPOSITO, Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 3552.   Decided March 27, 1953.

Eldon S. Wright, Youngstown, for plaintiff-appellee.
W. L. Countryman, Youngstown, for defendant-appellant.

## OPINION

Per CURIAM.

Defendant appealed to this court on questions of law from a judgment of the Municipal Court of Youngstown entered upon a finding for plaintiff, made by a judge of that court sitting as a jury by agreement of counsel, in plaintiff's action to recover from defendant for damages to his automobile sustained as the result of the alleged negligence of defendant in operating his automobile into collision with plaintiff's parked unlighted automobile.

About 7:30 o'clock on the night of November 21, 1951, during the season of darkness, plaintiff's unlighted automobile was parked on the southerly side of Midlothian Boulevard, which portion thereof is situated in Boardman Township, and the northerly portion of which is situated in the corporate limits of the city of Youngstown, Mahoning county.

Defendant here claims that as his automobile, which he was operating in an easterly direction on the southerly side of Midlothian Boulevard, a much travelled, duly dedicated, improved and accepted highway, approached plaintiff's parked automobile, and was within a car's length of it, the second of three automobiles approaching from the east attempted to pass the first automobile and crossed the center line of Midlothian Boulevard.

Defendant claims that to avoid a collision with that automobile he operated his automobile to the right onto the southerly side of Midlothian Boulevard, as the result of which it collided with plaintiff's parked unlighted automobile, damaging it.

Defendant contends that the trial judge erred to his prejudice in refusing to admit evidence offered by him that such second of the three west bound automobiles, to which reference has been made, invaded the southerly lane of traffic of Midlothian Boulevard, then being travelled by him   Defendant's counsel claims such evidence was competent to show an emergency under which he acted to avoid an apparent head-on collision with the automobile which turned into the southern half of Midlothian Boulevard, and furnished an excuse for defendant's collision with plaintiff's parked unlighted automobile.

There is nothing in the record to relieve the defendant of the duty to observe the assured clear distance ahead statute. If the evidence tendered by defendant had been admitted it would not have constituted an excuse for violation of the assured clear distance ahead statute.  Therefore the court was not in error in refusing its admission.

Next defendant urges that plaintiff's contributory negligence in parking his car without lights outside a municipal corporation defeated his right to recover from defendant, and that the trial judge erred to his prejudice in overruling his motion to dismiss plaintiff's action against him.

Assuming that the plaintiff in allowing his car to remain on the public highway without lights was guilty of negligence, or as having failed to exercise that degree of care which an ordinarily prudent person would have exercised under the same or similar circumstances, nevertheless the evidence being clear that defendant violated the assured clear distance ahead statute the question then was for the court, sitting as a jury, to determine whose negligence was the proximate cause of plaintiff's damages.  See **Smith v. Zone Cabs, 135 Oh St 415.** We are unable to disturb the finding of the court, sitting as a jury, upon the issue of proximate cause.

The question whether plaintiff's failure to comply with the duty imposed by law upon him not to park an unlighted automobile at the place he did, and whether his act was the sole, direct and proximate cause of his damage barring recovery by him, were questions presented for the determination of the trial judge, sitting as a jury, who correctly found for plaintiff. See **Smiley v. Arrow Spring Bed Company, 138 Oh St 81.**

In oral argument counsel for defendant has urged that defendant was entitled to final judgment in this case because there was no evidence upon which the jury could properly determine the amount of plaintiff's damages. We examined the record in this respect and find abundant evidence to sustain the verdict. There is no merit in this claim.

The judgment of the trial court is affirmed.

GRIFFITH, PJ, PHILLIPS and NICHOLS, JJ, concur.